FILED IN CHAMBERS
U.S.D.C. Rome

FEB 25 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTHA WADE,

    Plaintiff,

v.

FULTON COUNTY SHERIFF'S
DEPARTMENT, MYRON FREEMAN, and
ROLAND LANE,

    Defendants.[1]

CIVIL ACTION

NO. 1:07-CV-716-RLV

O R D E R

This is an action brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. The plaintiff is proceeding pro se, and there are several procedural motions pending before the court.

By order docketed on December 18, 2007, the court directed the plaintiff to file her portion of the Preliminary Report and Discovery Plan no later than December 28, 2007. That order stated that failure to do so would result in dismissal of the action. The plaintiff did not comply with that order. On January 11, 2008, the plaintiff filed a motion for reconsideration [Doc. No. 21], in which she seeks reconsideration of the dismissal of this action.

---

[1] As an initial matter, the court notes that the Fulton County Sheriff's Department is not a legal entity capable of being sued. Therefore, the court sua sponte dismisses the Fulton County Sheriff's Department as a defendant in this action.

In her motion, the plaintiff states that she did not receive the court order until January 8.

No order of dismissal was ever filed, and the case remains pending. Therefore, the motion for reconsideration is DENIED as moot.

On January 8, the plaintiff filed a motion for extension of time [Doc. No. 19], in which she seeks additional time to respond to the defendants' first interrogatories and first request for production of documents. That motion is GRANTED.[2]

The plaintiff has also filed a motion for a conference pursuant to Rule 26(f), Federal Rules of Civil Procedure [Doc. No. 25]. By letter to the plaintiff, counsel for the defendants had previously attempted to schedule such a conference by telephone. However, the plaintiff did not receive that letter in a timely manner, and the proposed conference was never held. The plaintiff's motion is GRANTED, and the parties are directed to conduct a conference pursuant to Rule 26. Such conference may be conducted by telephone.

Finally, the plaintiff has moved for an extension of the discovery period so that she may serve discovery on the defendants

---

[2] It appears that the plaintiff responded to the defendants' first interrogatories and first request for production of documents on February 14. If the plaintiff did not so respond, the defendants should notify the court.

2

[Doc. No. 28]. Because the discovery period has not expired and because there is sufficient time for the plaintiff to serve her discovery requests on the defendants, her motion is DENIED as moot.

The court notes that many of the problems that have arisen in this case are the result of the plaintiff not getting mail that was properly mailed to her. Her mailing address is shown on the docket as 150 Bellington Drive, McDonough, GA 30253, and this is the address used by both the court and counsel for the defendants in sending mail to the plaintiff. However, it appears that the United States Postal Service is routing the plaintiff's mail to a Post Office Box. The plaintiff should either change her mailing address on the docket of this court, or she should insure that the United States Postal Service delivers her mail to her street address.

The court has taken the plaintiff's pro se status into account in giving the plaintiff additional time to comply with the court's order. However, the court may not be so lenient in the future. It is the plaintiff's responsibility to insure that she has given correct mailing instructions to the court and to opposing counsel.

In summary, the plaintiff's motion for an extension of time [Doc. No. 19] is GRANTED; the plaintiff's motion for reconsideration [Doc. No. 21] is DENIED as moot; the plaintiff's motion for a Rule 26(f) conference [Doc. No. 25] is GRANTED; the plaintiff's motion for an extension of the discovery period [Doc.

No. 28] is DENIED as moot. Finally, the Fulton County Sheriff's Office is DISMISSED as a party defendant.

SO ORDERED, this 25th day of February, 2008.

                                          _____
                                          ROBERT L. VINING, JR.
                                          Senior United States District Judge